# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

ARTEZ OLIVER,                                                                                    PLAINTIFF

v.                                              3:22CV00009-BRW-JTK

DALE COOK, et al.                                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Plaintiff Artez Oliver ("Plaintiff") is in custody at the Mississippi County Detention Center. He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. Nos. 1, 2). Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion should be denied.

**II.   SCREENING**

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).[1] Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).  An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v.

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed for failure to state a claim.[2] The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA. Gonzalez v. United States, no. 20-2824 (8th Cir. Jan. 12, 2022). Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern

---

Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

[2] Oliver v. Cook, 3:16cv00350-DPM; Oliver v Cook, 3:17cv00039-BSM; and Oliver v. Bradley, 1:17cv00102-KGB.

of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff sued Mississippi County Sheriff Dale Cook and Nurse Audrey Cook, but Plaintiff made no allegations against either of these Defendants. (Doc. No. 2 at 4).

Plaintiff also sued Lieutenant Matt McClain and CO Frank in their personal and official capacities. (Id. at 2). Plaintiff's allegations in their entirety read: "I am get discrimination by the Lt. Matt McClain CO Frank had hurt me and I had caution the Covid since I have been here I unwant hardship and mistreat and charge me for all my meds to[o]." (Id. at 4). Plaintiff seeks one million dollars in damages. (Id. at 5).

Plaintiff does not allege that he is in imminent danger of serious physical injury, and nothing in Plaintiff's pleading otherwise leads me to believe that he is in imminent danger of serious physical injury. Plaintiff describes past action by Defendant Frank. But for the imminent danger exception to apply, the alleged harm must be real and proximate. Nothing in Plaintiff's pleading indicates that Plaintiff is in imminent danger as a result of Defendant McClain's actions or in connection with Covid. Plaintiff complains that he is being charged for medication, but that alone does not rise to the level of a constitutional violation, much less a showing of imminent danger. Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). Further, Plaintiff's allegations of "hardship and mistreat" do not indicate imminent danger. Even liberally construing Plaintiff's Complaint, the Court finds that Plaintiff's allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d at 1050.

If the Court has misinterpreted Plaintiff's claims and he in fact is in imminent danger, he should say so and explain why in any objection to this recommendation that Plaintiff wishes to file.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 1) be DENIED.

2. Plaintiff's Complaint be DISMISSED without prejudice.

3. Should Plaintiff wish to continue this case, he be required to submit the statutory filing fee of $402.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

IT IS SO RECOMMENDED this 14th day of January, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE